UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 5:13-cv-01924-CAS(ASx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | GWENDOLYN GUILLORY V. DALEY & HEFT LLP | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Lisa Gonzales | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Gwendolyn Guillory, Pro Se | Shiva Elihu Stein | |

Proceedings:   DEFENDANT ARCHIBALD RANCH CHRISTIAN PRESCHOOL'S MOTION TO DISMISS (dkt. 21, filed April 15, 2014)

DEFENDANT ARCHIBALD RANCH CHRISTIAN PRESCHOOL'S MOTION TO STRIKE PUNITIVE DAMAGES (dkt. 22, filed April 15, 2014)

## I.   INTRODUCTION & BACKGROUND

On October 23, 2013, plaintiff Gwendolyn Guillory, proceeding pro se, filed suit against defendant Daley & Heft LLP. On December 23, 2013, plaintiff filed a First Amended Complaint ("FAC"), removing Daley & Heft, LLP as a defendant, and adding defendant Archibald Ranch Christian Preschool ("Archibald"). On March 6, 2014, the Court dismissed the FAC with leave to amend. On April 4, 2014, the plaintiff filed her operative Second Amended Complaint ("SAC"), which asserts claims for (1) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and (2) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.[1]

---

[1] The SAC contains two sections styled as "Third Cause of Action Unlawful Employment Practice Enforcement Provisions Section 2000e-5 (Sect. 706)" and "Fifth Cause of Action Unlawful Employment Practice Enforcement Provisions Sec 2000e-5 (Section 706)." SAC 10-11. These sections both consist primarily of quotations and citations of various statutory provisions. To the extent that plaintiff is attempting to assert independent claims in these sections of the SAC, the Court is unable to discern the nature or origin of those claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-01924-CAS(ASx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | GWENDOLYN GUILLORY V. DALEY & HEFT LLP | | |

In brief, plaintiff, who is an African-American woman, alleges that in June 2011 she was wrongfully terminated from her employment as a preschool teacher at the Archibald Ranch Christian Preschool. SAC 2. Plaintiff alleges that in the four months preceding her termination, she was repeatedly harassed by Patricia Berry, a new administrator hired by Archibald. Id. ¶¶ 6-22. Plaintiff alleges that Ms. Berry did not harass other similarly situated white teachers. Id. ¶¶ 8, 10, 12, 13, 14, 15, 22. Subsequent to her termination, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing and the United States Equal Employment Opportunity Commission ("EEOC"). Id. ¶ 26. On July 24, 2013 the EEOC issued a right to sue notice to plaintiff. Dkt. 3, Ex. 3.

On April 15, 2014, defendant Archibald moved to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6), and to strike the SAC's request for punitive damages pursuant to Federal Rule of Civil Procedure 12(f). Dkts. 21-22. Plaintiff filed an opposition on May 23, 2014, dkt. 26, and Archibald replied on May 30, 2014, dkt. 28. On June 16, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01924-CAS(ASx) | Date | June 16, 2014 |
| Title | GWENDOLYN GUILLORY V. DALEY & HEFT LLP | | |

considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

  B.  **Motion to Strike**

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01924-CAS(ASx) | Date | June 16, 2014 |
| Title | GWENDOLYN GUILLORY V. DALEY & HEFT LLP | | |

defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III.   DISCUSSION

### A.   Ministerial Exception

As a threshold matter, defendant argues that plaintiff's claims are barred by the ministerial exception. "Since the passage of Title VII of the Civil Rights Act of 1964 and other employment discrimination laws, the Courts of Appeals have uniformly recognized the existence of a 'ministerial exception,' grounded in the First Amendment, that precludes application of such legislation to claims concerning the employment relationship between a religious institution and its ministers." Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C., 132 S. Ct. 694, 705 (2012) (citation omitted). The ministerial exception "is not limited to the head of a religious congregation," and can bar employment discrimination suits by other employees of religious institutions. Id. at 706. Here, defendant argues that because plaintiff was employed as a teacher at a "Christian Preschool," this suit is precluded by the ministerial exception.

The Court finds that it would be inappropriate to apply the ministerial exception at this juncture, while plaintiff's suit is on a motion to dismiss. The Supreme Court has emphasized that the question of whether an employee falls within the ministerial exception is not to be answered by a "rigid formula." Id. at 707. Instead, determining whether an employee counts as a "minister" calls for considering "all the circumstances of [the plaintiff's] employment," including the plaintiff's title, "the substance reflected in that title, her own use of that title, and the important religious functions she performed for" defendant. Id. at 707-708. Because this is a motion to dismiss, however, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01924-CAS(ASx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | GWENDOLYN GUILLORY V. DALEY & HEFT LLP | | |

is limited to the pleadings, and the SAC is silent about the religious status of plaintiff's employment. Moreover, the Supreme Court has made clear that the ministerial exception is an affirmative defense. Id. at 709 n.4. A "motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that 'defense raises no disputed issues of fact.'" World Chess Museum, Inc. v. World Chess Fed'n, Inc., 2013 WL 5663091 (D. Nev. Oct. 15, 2013) (citing Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)). Here, the fact-intensive inquiry envisioned by Hosanna-Tabor necessarily embraces numerous disputed issues of fact. Accordingly, the Court declines to preclude plaintiff's suit under the ministerial exception at this stage in the proceedings.

    **B.**     **Title VII Claim**

Defendant next argues that plaintiff has not stated a claim under Title VII. "Under Title VII, an individual suffers disparate treatment 'when he or she is singled out and treated less favorably than others similarly situated on account of race.'" McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1121 (9th Cir. 2004) (quoting Jauregui v. City of Glendale, 852 F.2d 1128, 1134 (9th Cir.1988)). A plaintiff may assert a prima facie case for disparate treatment by alleging that "(1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir.2008); see also Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1123 (9th Cir. 2009).

Here, plaintiff, who is an African American, alleges that she was harassed and subsequently fired by her white supervisor Patricia Berry. The Court previously dismissed plaintiff's Title VII claim because the FAC lacked any "any allegations that the harassment and wrongful termination occurred because of plaintiff's gender or race." Dkt. 18 at 5. The SAC, by contrast, is replete with allegations that Ms. Berry treated plaintiff differently than plaintiff's similarly situated white colleagues:

- Plaintiff alleges that Ms. Berry entered her classroom multiple times per day to demand that plaintiff pick student's jackets off the floor, or to admonish her to "put more elbow grease into cleaning." Plaintiff alleges that Ms. Berry did not direct white teachers to clean their classrooms in a similar fashion. SAC ¶¶ 13, 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-01924-CAS(ASx) | Date | June 16, 2014 |
|---|---|---|---|
| Title | GWENDOLYN GUILLORY V. DALEY & HEFT LLP | | |

- Plaintiff alleges that Ms. Berry offered to give plaintiff a job working in the kitchen, but did not make a similar offer to the white teachers.  Id. ¶ 14.

- Plaintiff alleges that she overheard Ms. Berry remarking of plaintiff that: "They are all lazy and slow."  Id. ¶ 10.

- Plaintiff alleges that Ms. Berry questioned plaintiff's credentials more vigorously than she questioned the credentials of plaintiff's white colleagues.  Id. ¶¶ 11-12.

- Plaintiff alleges that, after she was injured on the job, Ms. Berry told her "I am only giving you 45 minutes to go to the doctor and return back to work."  Contrastingly, plaintiff alleges that two weeks prior to that incident, one of plaintiff's white colleagues injured themselves, and Ms. Berry personally drove that white colleague to the emergency room.  Id. ¶¶ 20-22.

- Finally, and most critically, plaintiff alleges that her employment was terminated, while her white colleagues remain employed at the preschool.  Id. ¶ 8.

Taking these allegations as true, and construing them with the liberality required when considering pro se pleadings, the Court finds that plaintiff has stated a claim for violation of Title VII.  Specifically, plaintiff has alleged all four elements required for a prima facie case of disparate treatment.  See Davis, 520 F.3d at 1089.  First, plaintiff has alleged that she is African American, and thus a member of a protected class.  Second, plaintiff has alleged that she is qualified for her position.  See SAC ¶ 12 ("[The previous Administrator, Ms. Bev Fulton, who hired plaintiff, was very impressed with her overall credentials and experience.").  Third, plaintiff has alleged that she was subject to an adverse employment action, namely being fired.  Fourth, plaintiff has alleged that her similarly situated white colleagues were treated more favorably, both in that they were not harassed by Ms. Berry and that they continue to be employed by defendant.  Because plaintiff has alleged all of the required elements, the Court finds that she has stated a claim for violation of Title VII.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01924-CAS(ASx) | Date | June 16, 2014 |
| Title | GWENDOLYN GUILLORY V. DALEY & HEFT LLP | | |

### C. ADA Claim

Defendant also seeks dismissal of plaintiff's claim under the ADA. This claim appears to be predicated on defendant's alleged refusal to accommodate plaintiff after she fell off a stage on the job and was injured. See SAC ¶¶ 20, 35-37.

To state a prima facie case under the ADA, a plaintiff must allege that he or she is a qualified individual with a disability who suffered an adverse employment action because of his disability. Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1353 (9th Cir. 1996). 42 U.S.C. § 12102(1)(A) defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual." "Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Moreover, "temporary injury with minimal residual effects cannot be the basis for a sustainable claim under the ADA." Sanders, 91 F.3d at 1354; see also 29 C.F.R. Part 1630 App., § 1630.2(j) ("[T]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities. Such impairments may include, but are not limited to, broken limbs, sprained joints, concussions, appendicitis, and influenza.").

Here, plaintiff has not alleged that she is disabled. Although plaintiff asserts that she injured herself on the job, the SAC contains no allegations that these injuries "substantially limit[ed]" plaintiff's "major life activities." Nor does the SAC allege that plaintiff's fall led to more than "minimal residual effects." Accordingly, the Court concludes that the SAC does not properly allege that plaintiff is disabled, and thus fails to state a claim under the ADA.

### D. Motion to Strike

Defendant seeks in the alternative to strike plaintiff's prayer for punitive damages, on the grounds that plaintiff has failed to comply with certain California statutes governing the availability of punitive damages. See Cal. Code Civ. Proc. §§ 425.14, 3294(b). As an initial matter, the Ninth Circuit has held that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a [request] for damages on the basis [that] it is precluded as a matter of law." Whittlestone, Inc. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 5:13-cv-01924-CAS(ASx) | Date | June 16, 2014 |
| Title | GWENDOLYN GUILLORY V. DALEY & HEFT LLP | | |

Handi-Craft Co., 618 F.3d 970, 976 (9th Cir. 2010). Instead, the availability of punitive damages is better addressed under Fed. R. Civ. P. 12(b)(6) or 56. Id. at 974. But even if the Court were to consider defendant's motion under those standards, the Court would still deny defendant's request. The SAC asserts claims under federal law, and the availability of punitive damages for those claims is not governed by California statute. See Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534 (1999) ("With the passage of the 1991 Act, Congress provided for additional remedies, including punitive damages, for certain classes of Title VII and ADA violations.")

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS IN PART and DENIES IN PART defendant's motion to dismiss the SAC. Specifically, the Court denies defendant's motion to dismiss as to plaintiff's Title VII claim, and otherwise grants the motion to dismiss, with prejudice. The Court DENIES defendant's motion to strike plaintiff's request for punitive damages. Defendant is directed to answer no later than **June 30, 2014.**

IT IS SO ORDERED.

| | | 00 | : | 04 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |