UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 5:13-cv-01924-CAS(ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | GWENDOLYN GUILLORY v. DALEY & HEFT LLP | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present            Not Present

**Proceedings:**    **(In Chambers)** DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION (Dkt. No. 39, filed November 11, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of December 15, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

On October 31, 2013, plaintiff Gwendolyn Guillory, proceeding *pro se*, filed this lawsuit against defendant Archibald Ranch Christian Preschool.[1] Dkt. No. 3. On April 4, 2014, plaintiff filed the operative Second Amended Complaint ("SAC"). The SAC alleges that plaintiff, an African-American woman, was employed by defendant as a preschool teacher beginning in March 2008.[2] SAC ¶¶ 1, 6. Plaintiff alleges that an administrator hired by defendant in January 2011 discriminated against plaintiff because of her race over the next six months, subjecting plaintiff to threats, harassment, disparagement, and harsher discipline than that directed at white employees. Id. ¶¶ 7, 8. Plaintiff alleges that she was wrongfully terminated on June 21, 2011. Id. ¶ 23. Plaintiff

---

[1] Plaintiff's first complaint also named Daley & Heft LLP as a defendant, but that party was not included in subsequent amended complaints.

[2] Although paragraph 6 of the SAC states that plaintiff was employed by defendant beginning in March 2009, paragraph 1 of the SAC as well as previous pleadings indicate that plaintiff's employment began in March 2008.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 5:13-cv-01924-CAS(ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | GWENDOLYN GUILLORY v. DALEY & HEFT LLP | | |

asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 43 U.S.C. § 2000 *et seq.*, and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

On November 11, 2014, defendant filed a motion for a preliminary injunction barring plaintiff from participating in the alleged unauthorized practice of law by Rene Foster ("Foster") or, in the alternative, an order directing Foster to cease and desist from the unauthorized practice of law. Dkt. No. 39. Plaintiff filed an opposition on November 24, 2014. Dkt. No. 41. Defendant filed a reply on December 8, 2014.[3] After considering the parties' arguments, the Court finds and concludes as follows.

## II. DISCUSSION

### A. Foster's Involvement in This Case

Defendant contends that throughout this litigation, plaintiff has increasingly relied on Foster, her "legal advocate," for service that constitute the practice of law. Foster is not an attorney, although she has a paralegal license. Stein Decl. ¶ 4. Plaintiff indicates that Foster has degrees in paralegal studies and has served as a "Legal Advocate" in state court in domestic violence and worker's compensation contexts. Opp'n at 8–9. On December 12, 2013, Foster filed a declaration in which she stated that she is a "Paralegal/Legal Advocate on behalf of [plaintiff], with her permission to support and prepare legal documents." Dkt. No. 12 ¶ 1.

Defendant's counsel avers that Foster's involvement was initially limited, as plaintiff indicated that her email and fax were unreliable and provided Foster's contact information as an additional means of reaching plaintiff. Stein Decl. ¶ 3. According to defense counsel, however, Foster became increasingly involved in the litigation.

---

[3]The Court notes that this reply was filed a week after the due date of December 1, 2014. See C.D. Cal. L.R. 7-10 ("A moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence."). Although the Court could decline to consider the filing on this basis, see C.D. Cal. L.R. 7-12, the Court has nevertheless considered the reply brief. However, defendant is admonished to follow the Local Rules in all future proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 5:13-cv-01924-CAS(ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | GWENDOLYN GUILLORY v. DALEY & HEFT LLP | | |

Defendant's attorney avers that plaintiff insisted that Foster be involved in discovery conference calls on August 11, August 28, and September 28, 2014, and that Foster did "virtually all of the speaking" for plaintiff during these calls. Id. ¶ 5. Defense counsel also claims that Foster rejected a settlement offer on plaintiff's behalf and instructed plaintiff to object to a proposed joint discovery plan. Id. ¶¶ 5, 6; see id. Ex. 2. Foster subsequently spoke on plaintiff's behalf at an October 6, 2014 scheduling conference before the Court, and corresponded with defense counsel on the topic of scheduling plaintiff's deposition. Id. ¶¶ 7, 8; see id. Exs. 3, 4. Defense counsel declares that she informed Foster "that she was not allowed to make appearances in court on behalf of plaintiff, represent [plaintiff] at her deposition, or engage in settlement negotiations," and requested that Foster cease conducting such activities, but that Foster refused. Id. ¶ 9; see id. Ex. 5. According to defendant, Foster's continued involvement is impeding its ability to proceed with discovery and the filing of a summary judgment motion.

Plaintiff does not appear to contest defense counsel's factual allegations about Foster's involvement, but contends that Foster is properly aiding plaintiff as a "legal advocate." Plaintiff contends that legal advocates do not have to be registered attorneys to "provide legal consultation and advocacy, assist clients with court paperwork, represent clients in court and educate clients about their legal rights." Opp'n at 10. The Court notes that although plaintiff's opposition brief is signed only by plaintiff, some portions strongly suggest that Foster drafted it. See, e.g., Opp'n at 5 ("Majority of the times plaintiff is present when I email or fax or talk with defense counsel."); id. at 9 ("I do not have to be an attorney to be a legal advocate and I always informed everyone that I am not an attorney and never represented myself as an attorney.").

**B.   Analysis**

California Business & Professions Code section 6125 provides, "No person shall practice law in California unless the person is an active member of the State Bar." Although section 6125 does not define the term "practice law," California courts have interpreted it as "the doing and performing services in a court of justice in a court of justice in any matter depending therein throughout its various stages and in conformity with the adopted rules of procedure." Birbrower, Monaltbano, Condon & Frank v. Superior Court, 17 Cal. 4th 119, 128 (1998) (quotation marks omitted). Accordingly, "one who is not a licensed attorney cannot appear in court for another person." Ziegler v. Nickel, 64 Cal. App. 4th 545, 547 (1998). The practice of law is not limited to activities

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01924-CAS(ASx) | Date | December 12, 2014 |
| Title | GWENDOLYN GUILLORY v. DALEY & HEFT LLP | | |

in court, however, but also includes "legal advice and legal instrument and contract preparation, whether or not these subjects [are] rendered during the course of litigation." Birbrower, 17 Cal. 4th at 128. "In a pragmatic sense, the practice of law encompasses all of the activities engaged in by attorneys in a representative capacity." Baron v. City of Los Angeles, 2 Cal. 3d 535, 542 (1970) (in bank). Under these standards, it seems likely that some (though not all) of the activities complained of by defendant are improper for a non-attorney.

A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008); see also Evans v. Shoshone-Bannock Land Use Policy Comm'n, 736 F.3d 1298, 1307 (9th Cir. 2013) (explaining that a preliminary injunction is "never awarded as of right"). As such, an injunction should issue only to prevent irreparable injury for which no adequate legal remedy exists. See Weinberger v. Romero-Barcelo, 456 U.S. 305, 312 (1982). "[T]he grant of a preliminary injunction is a matter committed to the discretion of the trial judge." Evans, 736 F.3d at 1307 (quoting Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984)).

Defendant has cited no case in which a court issued a preliminary injunction to enjoin an individual from further participation in a case to which that person was not a party.[4] However, the Court has found one California case in which the court used its equitable powers to direct someone engaged in the unauthorized practice of law to cease doing so in future proceedings before the court. See Ziegler, 64 Cal. App. 4th at 549 (affirming the trial court's order for a non-attorney to withdraw from representation of a trust). Injunctions have also been issued to stop the unauthorized practice of law in proceedings before federal courts, mostly in the bankruptcy context. See, e.g. In re Reynoso, 477 F.3d 1117, 1122, 1126 (9th Cir. 2007) (affirming a trial court's injunction based on a bankruptcy petition preparer's unauthorized practice of law).

---

[4]Defendant relies on cases in which courts issued injunctions and other penalties against non-attorney *defendants* sued under California's Unfair Competition Law, which expressly authorizes injunctive relief, for harming consumers through their unauthorized practice. See Brockey v. Moore, 107 Cal. App. 4th 86 (2003); People v. Fremont Life Ins. Co., 104 Cal. App. 4th 508 (2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 5:13-cv-01924-CAS(ASx) | Date | December 12, 2014 |
| Title | GWENDOLYN GUILLORY v. DALEY & HEFT LLP | | |

On the record before it, the Court does not find the broad prohibitory injunction requested by defendant to be appropriate. However, to help prevent any future improprieties from affecting this case or this Court, the Court admonishes plaintiff of the following. **Foster may** accompany plaintiff to court and be present on calls between plaintiff and defense counsel. **Foster may not**, however, speak on plaintiff's behalf at hearings, draft pleadings or motions to be filed in this Court in plaintiff's name, or otherwise provide plaintiff with legal advice or services. Morever, **plaintiff must** appear to have her deposition taken, and has no right to be accompanied by Foster at said deposition

### III.   CONCLUSION

In accordance with the foregoing, the Court DENIES the motion for a preliminary injunction, but admonishes that Foster may not engage in any activities that constitute the practice of law.[5]

IT IS SO ORDERED

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[5] In her opposition, plaintiff requests that the Court (1) award sanctions against defense counsel for various ethical violations alleged in her opposition brief and (2) issue a protective order continuing plaintiff's deposition, originally scheduled for December 1, 2014. Opp'n at 10. The Court DENIES these requests.